WATERMAN, Justice
(concurring specially).
I join the majority opinion except for division V(B)(2). I respectfully disagree with the majority’s conclusion that the district court abused its discretion by allowing the arresting officers’ testimony that Wilson hid in a hole in his basement to evade detection, when they knocked -on his door and announced their presence on September -20, 2011. The majority correctly holds the district court properly allowed testimony-that Wilson fled from police on August 11. The evidence of his concealment on September 20 is admissible for the same reasons — to show Wilson’s consciousness of guilt and motive and intent to remain free pending his appeal. As the majority acknowledges, “At best, the concealment evidence tended to prove precisely the same point the properly admitted flight evidence tended to prove— that Wilson committed a criminal act connected to the forged document.” The majority is splitting hairs to find the evidence of flight admissible but not the evidence of concealment.
I would affirm the decision of the court of appeals, which held the district court properly allowed evidence of Wilson’s efforts to evade arrest on both dates. As the court of appeals concluded:
Wilson argues the sensational facts of his flight from police and his subsequent discovery overwhelm the evidence of the crimes with which he is charged. How *220 ever, the district court could have concluded the evidence was probative of the State’s theory of the case, which was that Wilson was highly motivated to delay his appeal and prolong his freedom, and committed forgery to do so. The evidence of his flight supported that theory and weighed in favor of allowing the testimony concerning his flight. We note, too, that the officers’ testimony did not sensationalize the defendant’s conduct, but explained the chronology of the investigation. We find no abuse of discretion.
(Emphasis added.)
On both August 11 and September 20, Wilson sought to- escape, capture. The mere passage of time does not render the later incident inadmissible. I agree with the court of appeals’ conclusion that “Wilson’s hiding from police on September 20 was not so remote in time the district court was required -to find that evidence was irrelevant.’.’, Wilson knew what he did. That another six weeks went by is irrelevant when he understood why the police came knocking. See United States v. Russell, 662 F.3d 831, 851 (7th Cir.2011) (noting passage of time between crime and flight is less important if not irrelevant “when there is evidence that the defendant knows that he is accused of and sought for the commission of the crime charged.” (quoting United States v. Ajijola, 584 F.3d 763, 766 (7th Cir.2009))). True, Wilson was also charged with eluding based on his August 11 flight, but the district court allowed separate trials, and the jury at the forgery trial was not informed of the eluding charge. The majority fails to refute' the State’s theory of admissibility that on both dates Wilson sought to prolong his freedom by avoiding capture. It matters not that on September 20 Wilson may have believed the police were knocking on his door with an arrest warrant for eluding as well' as for forgery. After all, Wilson’s concealment on September 20 was part of the same chain of events. He fled from the police on August 11 to avoid arrest for forgery, and he hid from police for the same reason the next time they came for him. Neither Wilson nor the majority offers any other explanation for his conduct on August 11 and September 20. The weight of the evidence of Wilson’s flight and concealment was for the jury.
We are reviewing the district court for abuse of discretion. In my view, the district court had discretion to admit or exclude the evidence that Wilson hid in the hole in his basement on September 20. I agree with the majority that this evidence was cumulative.
Today’s decision should not be seen as a retreat from the admissibility of evidence of flight and concealment. The majority acknowledges it is “well-settled law” that such evidence is “probative of guilt.” The Kentucky Supreme Court noted the biblical parallel for the evidentiary “inference that the guilty run away but the innocent remain, which echoes more eloquent language from the Bible: ‘The wicked flee where no man pursueth; but the righteous are bold as a lion.’” Rodriguez v. Commonwealth, 107 S.W.3d 215, 219 (Ky.2003) (quoting Proverbs 28:1). As the United States Court of Appeals for the Eighth Circuit recently reiterated:
[I]t is today universally conceded that the fact of an accused’s flight,' escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself.
United States v. Thompson, 690 F.3d 977, 991 (8th Cir.2012) (emphasis omitted) (quoting United States v. Hankins, 931 F.2d 1256, 1261 (8th Cir.1991)).
*221 For these reasons, I specially concur in today’s majority opinion.